IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD LOUDER, | ) |
| Petitioner | ) |
| vs. | ) |
| | ) Civil Action No. 06-617 |
| GEORGE M. PATRICK, THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) Judge Terence F. McVerry/ Magistrate Judge Amy Reynolds Hay |
| Respondents | ) |

REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully recommended that the habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, be dismissed and that a certificate of appealability be denied.

II.   REPORT

Donald Louder("Petitioner"), is a State prisoner, who is serving a life sentence for a first degree murder conviction. He now seeks federal habeas relief. Because he has procedurally defaulted some of his claims, and failed to show cause or a miscarriage of justice, those claims do not merit relief. As to those claims not procedurally defaulted, he has failed to show that the State Courts' adjudication of those claims was contrary to or an unreasonable application of federal Supreme Court precedent.

A.   Factual and Procedural History

The facts underlying the conviction were summarized by the Superior Court on direct appeal as follows:

> On January 14, 1995, a tenant found his landlord, Vinson Baker, dead in the hallway of Baker's home in the North Side area of Pittsburgh. The victim had two stab wounds and an electric cord around his neck. He also had multiple trauma blows to his head and neck that the coroner determined were the ultimate cause of death. Police learned that appellant had admitted to a female friend and to a

> drinking companion that he had killed the victim.  Police also discovered that appellant had admitted himself to Mercy Hospital for alcohol and drug abuse detoxification.  Appellant was placed in the psychiatric ward where patients were treated for detoxification.  Police requested hospital authorities to alert them before releasing appellant.  On being informed appellant would soon be released, police executed an arrest warrant and transported appellant to police headquarters.  Following a waiver of his *Miranda* rights, appellant confessed to the murder but then refused to acknowledge the confession on videotape.
>
> Appellant filed a motion to suppress contending his waiver of his *Miranda* rights was involuntary and unintelligent and that police coerced his confession.  The trial court [after conducting a hearing] denied appellant's motion to suppress.  Police testified at trial that following appellant's waiver of his *Miranda* rights, he confessed to the murder.  However, police did not testify about the content of appellant's confession.  Appellant testified [at trial] the confession was coerced.  He admitted the killing but claimed it was done in self-defense.  A jury convicted appellant. . . .

Doc. 10-5 at 37 to 38.  At trial and on direct appeal, Petitioner was represented by the Public Defenders office.  Petitioner filed a direct appeal to the Superior Court,[1] which denied relief.  Doc.

---

[1] On appeal to the Superior Court, Petitioner raised the following issues:

I.  THE SUPPRESSION COURT ERRED WHEN IT ADMITTED MR. LOUDER'S STATEMENT BECAUSE IT WAS NEITHER KNOWING, INTELLIGENTLY, NOR VOLUNTARILY TENDERED WHEN POLICE INTERROGATOR'S [sic] REPEATEDLY IGNORED HIS REQUEST FOR COUNCIL [sic] AND MR. LOUDER WAS INTERROGATED WHILE IN THE "THROES OF DETOXIFICATION."

A.  MR. LOUDER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL WHEN POLICE INTERROGATOR'S [sic] REPEATEDLY IGNORED HIS REQUEST FOR COUNSEL AND CONTINUED TO QUESTION AND REVIEW THEIR NOTES AFTER THE INTERROGATION WAS TERMINATED.

B.  MR. LOUDER'S STATEMENT WAS NEITHER KNOWING, INTELLIGENT, NOR VOLUNTARY BECAUSE IT WAS EXTRACTED WHILE HE WAS IN THE "THROES OF DETOXIFICATION."

II.  THE COURT BELOW ERRED IN ADMITTING THE TESTIMONY OF DR. ROZIN WHERE DR. SHAKIR, WHO HAD PERFORMED THE AUTOPSY OF THE VICTIM, WAS NOT PRESENT.

III.  THE COURT BELOW ERRED IN GRANTING THE COMMONWEALTH'S MOTION IN LIMINE PREVENTING THE INTRODUCTION OF PSYCHIATRIC TESTIMONY AS TO SELF-DEFENSE.

IV.  THE COURT BELOW ERRED IN DENYING A REQUESTED CONTINUANCE

Petitioner filed a petition for allowance of appeal ("PAA") to the Pennsylvania Supreme Court, wherein he raised essentially the same issues as he had raised in his direct appeal to the Superior Court.  Doc. 10-6 at 2 to 3.   The Pennsylvania Supreme Court denied the PAA.  Doc. 10-7 at 33.

Thereafter, Petitioner filed a pro se PCRA petition.  Doc. 11-2 at 1 to 13.  Counsel was appointed to Petitioner and a counseled amended PCRA petition was then filed.  Doc. 11-2 at 31 to 37.[2]  Subsequently, counsel filed a second amended PCRA petition.  Doc. 11-3 at 17 to 22.[3] The PCRA judge, who was also the trial judge, denied relief, without conducting a hearing, finding that all of Petitioner's claims were meritless.  Doc. 11-5 at 29 to 32.  Petitioner, still represented by the same counsel, filed an appeal.  Doc. 11-6 at 1 to 24.  The sole issue raised in the appellate brief to the Superior Court was that "THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST-CONVICTION RELIEF ACT PETITION WITHOUT A HEARING IN THAT GENUINE ISSUES CONCERNING MATERIAL FACTS WERE RAISED IN APPELLANT'S PETITIONS THAT NECESSITATED A HEARING."  Doc. 11-6 at 2.   The Superior Court denied relief.  Doc. 11-7 at 36 to 39.  Petitioner, through the same counsel, filed a

---

TO ALLOW COUNSEL TO PREPARE FOR THE CROSS-EXAMINATION OF DR. JEREMY MUSHER.

Doc. 10-4 at 2.

[2] The issues raised by counsel in that amended petition were as follows: 1) One of the Commonwealth's witnesses provided an affidavit after the trial that the testimony she gave at trial was perjured,  Doc. 11-2 at ¶¶ 15 to 21; 2) Trial counsel was ineffective for failing to call Petitioner's mother as a witness who was present during part of Petitioner's interrogation and who would have testified in a fashion that contradicted the interrogating officers' testimony regarding the interrogation and Petitioner's confession, id., at ¶¶ 22 to 32.

[3] In the second amended PCRA petition, the following issues were raised: 1) in its closing, the prosecutor committed misconduct by referring to Petitioner as a cold blooded killer and as a cold calculating killer, Doc. 11-3 at ¶¶ 16 to 17; 2) the evidence was not sufficient to sustain a first degree murder conviction, id., at ¶¶ 18 and 3) both trial and direct appellate  counsel were ineffective for failing to raise the two preceding issues.  Id., at ¶¶ 20 to 22.
    Although Petitioner filed a pro se third amended PCRA petition, doc. 11-4 at 1 to 31, the State Courts refused to consider the pro se submission because Petitioner was counseled.  Doc. 11-7 at 37 n.2.

PAA in which the same single issue was raised: "THE LOWER COURTS ERRED IN DENYING PETITIONER'S POST- CONVICTION RELIEF ACT PETITION WITHOUT A HEARING IN THAT GENUINE ISSUES CONCERNING MATERIAL FACTS WERE RAISED IN PETITIONER'S PETITIONS THAT NECESSITATED A HEARING." Doc. 11-8 at 6. The Pennsylvania Supreme Court denied the PAA. Doc. 11-8 at 29.

Thereafter, Petitioner initiated the current habeas proceedings. A pro se form habeas petition was filed, Doc. 3, as well as a brief in support. Doc. 4. The sole issue Petitioner raised therein was

> DID THE STATE DENY PETITIONER DUE PROCESS IN EXCLUDING PSYCHIATRIC TESTIMONY SHOWING HE WOULD NOT HAVE PLANNED A KILLING (1) BY CONSTRUING IT AS NOTHING MORE THAN IRRESISTIBLE IMPULSE, AND/OR (2) BY HOLDING THAT SELF- DEFENSE IS INCOMPATIBLE WITH A CONCURRENT ASSERTION OF DIMINISHED CAPACITY TO PREMEDITATE MURDER.

Doc. 4 at 2. The Respondents filed an answer, accompanied by reproduced records of the state courts, Docs. 10 - 11. In addition, this court received the original state court records. See Docket at 7/28/06. Thereafter Petitioner apparently changed prisons, Doc. 12 (a notice of change of address) and also changed the person who had been helping him to prepare his filings, as shortly after changing prisons, Petitioner filed a motion to amend/correct his habeas petition. Doc. 13. In that motion to amend, however, Petitioner failed to attach the proposed amended habeas petition. Hence, the court denied the motion to amend albeit without prejudice to Petitioner filing such a motion with the proposed amended petition attached to the motion. Doc. 14. Petitioner then filed a motion for clarification of the order. Doc. 15. Finally, Petitioner filed what he captioned as "AMENDMENT OF HABEAS CORPUS PETITION FILED PRO SE, AND MEMORANDUM IN SUPPORT THEREOF, PRO SE", Doc. 19-1, apparently believing he had been granted leave to file an amended habeas petition. By order accompanying this report, the court will construe

4

Doc. 19 as being a request for leave to file an amended habeas petition and grant such motion.  In that amended habeas petition, Petitioner raises the following issues:

> 1) Trial Court erred in failing to suppress statement made by Petitioner during detoxification, after requesting an attorney, but, was not afforded a [sic] attorney by police officer's, [sic] Detectives O'Leary and Condemi and Commander Freeman during further questioning and interrogation.

Doc. 19-1 at 6.

> 2) Petitioner have [sic] been denied right of access to Court appellate process when not furnished with a complete record for appeal.

Id., at 11.

> 3) First Post-Conviction Relief Act Appointed Counsel was Ineffective For Not Raising Appellate Counsel's Ineffectiveness For Not Raising Trial Counsel's Ineffectiveness For Not Objecting And/Or Appealing The Issue Of Trial Court's Abuse Of It's Disrtection [sic] In Not Giving Jury Instruction on Diminished Capacity, As Indiceyed [sic] By Trial Judge, Denied Petitioner Right To A Fair Trial And Equal Protection Of The Law Under United States Constitution, Amendment(s) 5th, 6st [sic] and 14th Clauses.

Id., at 12 (underlining omitted).  Nowhere does Petitioner mention in the amended habeas petition, the issue that he had raised in his original petition.   The court did not order the Respondents to file a supplemental answer because the issues raised in the amended petition do not require a response.  Cf. Rule 4 of the Rules Governing Section 2254 cases (permitting sua sponte dismissal of habeas petitions prior to service where the petition shows no entitlement to relief); 28 U.S.C. § 2243 (requiring that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto.").

    **B.**    **Applicable Legal Standards**

        1.    <u>AEDPA is applicable</u>

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA), which amended the standards for reviewing State court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was effective April 24, 1996.  Because

petitioner's habeas petition was filed after the effective date of AEDPA, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the State courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, AEDPA provides the applicable deferential standards by which the federal habeas court is to review the State courts' disposition of that issue. See 28 U.S.C.§ 2254(d) and (e). The standards of review under AEDPA essentially require a habeas Petitioner to show that the State Courts' adjudication of his federal claims constituted a decision that was contrary to or an unreasonable application of United States Supreme Court precedent extant at the time of those State Court decisions. See, e.g., Williams v. Taylor, 529 U.S. 362 (2000)(explaining the phrases "contrary to" and "unreasonable application of").[4]

  2. Procedural Default Doctrine

The doctrine of procedural default essentially provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule and such failure to present or to comply would provide a basis for the state courts to decline to address the federal claim on the merits, then such federal claims may not be addressed by the federal habeas court. See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977) (failure to object at trial constituted waiver of issue under state law and hence, a procedural default under federal habeas law); Francis v. Henderson, 425 U.S. 536 (1976) (failure to comply with state procedure requiring challenges to composition of grand jury be made before trial constituted state

---

[4] AEDPA also permits federal habeas relief where the State court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(2). It does not appear that Petitioner properly casts his arguments in terms of an unreasonable determination of the facts. However, to the extent that he may have attempted to do so, the court concludes that none of the potentially challenged factual determinations of the state courts is unreasonable.

6

waiver and, therefore, also constituted procedural default for purposes of federal habeas); O'Sullivan v. Boerckel, 526 U.S. 838, 848-49 (1999) (failure to raise issue in discretionary appeal to state supreme court constituted a procedural default for habeas purposes).

There are two exceptions to the procedural default doctrine. First, an issue that was not properly raised in the state courts and therefore procedurally defaulted may nonetheless be addressed by a federal habeas court if the petitioner shows cause for, and actual prejudice stemming from, the procedural default. Wainwright v. Sykes, supra. In order "[t]o show cause, a petitioner must prove 'that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.' *Murray v. Carrier*, 477 U.S. 478, 488 (1986)." Sistrunk v. Vaughn, 96 F.3d 666, 675 (3d Cir. 1996). In order to show actual prejudice, "the habeas petitioner must prove not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . . . This standard essentially requires the petitioner to show he was denied 'fundamental fairness[.]'" Werts v. Vaughn, 228 F.3d at 193 (citations and some internal quotations omitted). A second exception permits a federal court to address the merits of a procedurally defaulted claim where the petitioner can establish a "miscarriage of justice." The phrase "miscarriage of justice" has been explained by the Supreme Court to require a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995); United States v. Sorrells, 145 F.3d 744, 749 n.3 (5th Cir. 1998)("The 'actually innocent' standard is the same as the 'fundamental miscarriage of justice' standard, which applies 'when a constitutional violation probably has caused the conviction of one innocent of the crime.'"). Moreover, "actually innocent" means factual innocence and not just legal innocence. See Calderon v. Thompson, 523 U.S. 538, 559 (1998)("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence.").

In order to make a showing of "actual innocence" a petitioner "must satisfy a two-part test in order to obtain review of otherwise procedurally barred claims.  First, the petitioner's allegations of constitutional error must be supported with new reliable evidence not available at trial. *Schlup*, 513 U.S. at 327-28. Second, the petitioner must establish 'that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.' *Id*. at 327." Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001).

Even if a respondent in a federal habeas proceeding fails to raise the issue of procedural default, the court may do so sua sponte.  Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999). Moreover, a federal habeas court may decide that a habeas petitioner has procedurally defaulted a claim even though no state court has previously decided that the claim was procedurally barred under state law.  See, e.g., Carter v. Vaughn, 62 F.3d 591, 595 (3d Cir. 1995)(requiring the federal district court to determine whether the petitioner's failure to appeal in the state court constituted a waiver under state procedural law that barred state courts from considering the merits and, therefore, constituted a procedural default for habeas purposes even though no state court had made a determination that petitioner's failure to appeal constituted waiver under state law); Chambers v. Thompson,  150 F.3d 1324, 1327  (11th Cir. 1998);  Thomas v. Greiner, 111 F.Supp.2d 271, 277-78 (S.D.N.Y. 2000).

Lastly, if a petitioner has committed a procedural default and has not shown either cause and prejudice, or a miscarriage of justice, the proper disposition is to dismiss the habeas petition with prejudice.  See, e.g., Wainwright v. Sykes, supra;  McNary v. Farley, 16 F.3d 1225 (Table), 1994 WL 59278, **3 (7th Cir. 1994); Thompson v. Champion, 996 F.2d 311 (Table),  1993 WL 170924, *3 (10th Cir. 1993).

    C.    **Discussion**

        1.    Due Process issue is not raised or is defaulted

It is not clear whether Petitioner intended his amended habeas petition to supplant the original petition or to supplement the original petition. If Petitioner intended the amended petition to supplant his original petition, then the issue raised in the original petition is now no longer before this court. Normally, the filing of an amended pleading supercedes the original pleading, rendering the original pleading a nullity. See Sylvania Gardens Apartments v. Hartford Fire Insurance Co., No. Civ. A. 98-5870, 1999 WL 228934 (E.D. Pa. April 19, 1999)(the filing of an amended pleading supercedes the original pleading, rendering the original complaint of no legal effect). However, where an amended pleading is intended to supplement rather than replace the original pleading, the filing of the amended pleading does not render the original a nullity. See, e.g., King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."). Here, Petitioner has not adopted or incorporated by reference the original habeas petition and therefore, it would appear that the issue raised in the original petition is no longer before this court. In fact, reading Petitioner's motion to amend, it appears that he is affirmatively renouncing any issue raised in the original petition as being an "unsupported childish attempt[."]   Doc. 13-1 at 2, ¶4.

Alternatively, to the extent that Petitioner intended merely to supplement his original petition, and he stands by the issue raised in the original petition, the issue provides him no relief.

As pointed out by the Respondents in their answer, the issue as raised in the original habeas petition, claiming a denial of due process based on the trial court's grant of the Commonwealth's motion in limine to limit Dr. Bernstein's expert psychiatric testimony so as to exclude any evidence of "irresistible impulse" was not ever raised in the state courts as federal claim of a denial of due process guaranteed by the Fourteenth Amendment. The Respondents

point out that the only issue Petitioner raised in State court was a state law claim that the trial court abused its discretion in excluding this testimony of Dr. Bernstein. This court agrees.

In the State Courts, Petitioner did not argue that exclusion of Dr. Bernstein's testimony denied him due process. To the contrary, a review of Petitioner's argument in the State Courts[5] reveals that Petitioner merely argued that the trial court erred under state law in concluding that portions Dr. Bernstein's testimony amounted to testimony constituting the defense of "irresistible

---

[5] The complete argument to the Pennsylvania Supreme Court is recounted as follows:

> The Opinion of the Court below notes that the Commonwealth's motion in limine was granted on the basis of the cases cited by the Commonwealth in its motion. Those cases and the facts cited in that motion, however, provide the reason why the granting of the motion was in error.
> As the Commonwealth noted, the proposed testimony of Dr. Lawson Bernstein was based on a three-hour interview conducted with Mr. Louder and medical records. Dr. Bernstein prepared a report dated July 16, 1995 as a result of information gathered in the interview and records.
> The proposed testimony would have been that Mr. Louder's condition caused him to react in an excessive fashion, that he was "primed to respond excessively to threatening stimuli based on the following biological determinants of aggression response." Commonwealth's motion in limine, paragraph 6.
>  The Commonwealth proceeded to cite Commonwealth v. Zettlemoyer, 500 Pa. 16, 454 A.2d 937 (1982), for the proposition that diminished capacity testimony was irrelevant and inadmissible unless it addressed  deliberation and premeditation and Commonwealth v. Weinstein, 499 Pa. 106, 451 A.2d 1344 (1982) for the proposition that "the defense of diminished capacity is . . . a limited one and our courts have explicitly stated that psychiatric evidence in support thereof may be admitted only if it tends to prove that appellant did not premeditate or deliberated [sic] in committing the murder."
> **Dr. Bernstein's testimony did just that, by providing evidence regarding Mr. Louder's capacity to deliberate and premeditate, by providing a basis for the jury to find that he would not have planned a killing, but, faced with a threat, to wit, Mr. Baker with a knife, would have reacted, perhaps in an "excessive" manner.**
> The court below, by granting this motion in limine which was not supported by the law cited in it, deprived Mr. Louder of an important aspect of his defense.
> **The Superior Court characterizes this testimony as not showing that Mr. Louder's ability to deliberate and premeditate would be impaired.  This, however, is exactly what the testimony would have done.** As a result, Mr. Louder should be granted allowance of appeal to this Court.

Doc. 10-6 at 25 to 26 (emphasis added). This is almost the verbatim argument made to the Superior Court in Petitioner's direct appeal brief. Doc. 10-4 at 30 to 31.

10

impulse" and such would be excluded. However the trial court did permit other testimony of Dr. Bernstein that did not, in its estimation, constitute such irresistible impulse evidence. Reading the emphasized portions of the argument quoted in footnote 5 amply demonstrates that Petitioner's argument was not that his federal constitutional rights to substantive due process were violated by the exclusion of this portion of Dr. Bernstein's testimony but that the exclusion of the testimony was erroneous as a matter of state law, because contrary to the trial court's determination, the testimony did not constitute evidence of "irresistible impulse" which, Petitioner apparently conceded *sub silentio* in the state courts, would have been properly excluded, rather, this testimony constituted proper evidence of diminished capacity. Such an argument is clearly an argument of the propriety of admissibility of evidence under state law and not an argument that to exclude this evidence would deny Petitioner his federal constitutional right to due process. See, e.g., Duncan v. Henry, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."); Lutz v. Brennan, 67 Fed.Appx. 151 (3d Cir. 2003); Dreher v. Pinchak, 61 Fed.Appx. 800, 805 (3d Cir. 2003)("a habeas petitioner's state court pleadings must demonstrate that he or she has presented the legal theory and supporting facts asserted in the federal habeas petition in such a manner that the claims raised in the state courts are 'substantially equivalent' to those asserted in the federal court. . . . The state court pleadings and briefs in this case demonstrate no such equivalency.").

Because Petitioner never raised this federal due process issue in the state courts, he has waived the issue there and because he cannot now raise this issue in the State Courts due to the PCRA statute of limitations, he has procedurally defaulted the claim. Pedraza v. Tennis, No. 06-4333, 2007 WL 442384, *3 (E.D. Pa. Feb. 7, 2007) ("Petitioner cannot raise any of his four claims now in the state court in another PCRA proceeding because of the one-year statute of

limitations applicable to the filing of PCRA petitions, 42 Pa. Cons.Stat. Ann. § 9545(b). Therefore, the four claims are procedurally defaulted."). Petitioner has not shown cause or prejudice. Nor, on this record, would he have any cognizable claim of cause. The only claim of cause possible is a layered claim of ineffectiveness, i.e., PCRA counsel was ineffective for failing to raise appeal counsel's ineffectiveness for failing to raise the Due Process claim. However, claims of ineffectiveness of post conviction relief counsel cannot serve as cause to excuse a procedural default because there is no federal constitutional right to counsel at the stage of state post conviction proceedings. Coleman v. Thompson, 501 U.S. 722, 757 (1991) ("Because [the petitioner] had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [his] claims in state court cannot constitute cause to excuse the default in federal habeas."); Hull v. Freeman, 991 F.2d 86, 91 (3d Cir. 1993) ("Under Coleman, ineffective assistance of post-conviction counsel cannot constitute 'cause' because the Sixth Amendment does not entitle a defendant to post-conviction counsel").

Neither has Petitioner made a claim of miscarriage of justice. Nor has Petitioner offered any new evidence of his actual innocence so as to bring himself within the miscarriage of justice exception. Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001)(explaining that to establish a miscarriage of justice, a habeas petitioner must offer new evidence of his actual innocence).[6] Nor on this record, does it appear that Petitioner could make a showing of a miscarriage of justice given that he admitted the killing but claimed self defense, which the jury obviously discredited.

Hence, this issue does not provide a ground for relief.

---

[6] There does appear to be one narrow exception to the requirement of producing new evidence in order to successfully demonstrate a "miscarriage of justice." See, e.g., United States v. Garth, 188 F.3d 99 (3d Cir. 1999). However, for reasons explained in Sweger v. Chesney, 294 F.3d 506, 523 n.18 (3d Cir. 2002) and Gale v. Rozum, No. 06-CV-1266, 2006 WL 2092572 (M.D.Pa. July 25, 2006), the narrow Garth exception does not apply here. Whereas in Garth, a subsequent construction of a criminal statute by the United States Supreme Court may have rendered the petitioner not guilty of the crime, no such factual scenario is present here.

        2.        Alleged Error in the failure to suppress confession

Petitioner's next issue is that the Trial Court erred in failing to suppress his confession. The Trial Court, after conducting a hearing on Petitioner's motion to suppress, concluded that Petitioner's confession was a knowing, voluntary and intelligent waiver of his right to remain silent. The Superior Court affirmed. Doc. 10-5 at 38 to 45. Petitioner has not argued that the State Courts' disposition of this issue was contrary to nor an unreasonable application of United States Supreme Court precedent extant at the time of those decisions. Nor, after careful review, can this court conclude that the State Courts' disposition of this issue constituted a decision that was contrary to or an unreasonable application of United States Supreme Court precedent.

Neither has Petitioner shown that the State Courts' determination of the facts was unreasonable. As the Superior Court noted, the conflicting testimony at the suppression hearing was presented before the suppression judge and she made credibility determinations adverse to Petitioner, who obviously had a motive to lie or whose memory of the events was quite possibly impaired by his alcohol abuse and/or drug treatment for his detoxification. In any event, Petitioner does not even argue that the suppression court's adverse credibility determinations are unreasonable. Even if he had, the suppression court's credibility determinations are virtually unassailable now. See, e.g., Coombs v. Maine, 202 F.3d 14, 18 (1st Cir. 2000)("If the suppression court upheld the confession because it credited Carter's testimony that he had made no promise to flush the marijuana in return for Coombs's confession to theft, Coombs's case for federal habeas relief largely evaporates. Such a state court finding of 'basic, primary, or historical facts' based on a credibility determination is 'presumed to be correct,' subject only to rebuttal by 'clear and convincing evidence.' 28 U.S.C. § 2254(e)(1). We find no rebuttal of that nature here."); Utz v. Sobina, No. Civ.A. 01-389J, 2006 WL 1455595, *6 (W.D.Pa. May 22, 2006)("The trial court's decision to find one witness more credible than another, without more, is never 'an unreasonable

determination of the facts in light of the evidence presented' at the suppression hearing. 28 U.S.C. § 2254(d)(2); *see also Weeks v. Snyder*, 219 F.3d 245, 259 (3d Cir.2000) (*quoting Marshall v. Lonberger*, 459 U.S. 422, 434 (1983), for the proposition that habeas review does not permit a federal court to redetermine the credibility of witnesses whose demeanor has been observed by the state court)").

Accordingly, this issue provides no basis for relief.

        3.        Missing Transcript Does not Violate any Right

Next, Petitioner argues that he was denied the right of access to this Court because the Respondents have failed to provide to this Court the complete state court record. Doc. 19-1 at 11 to 12. Apparently, Petitioner claims that this court was not provided with a transcript of testimony occurring on July 11, 1995. Doc. 19-1 at 11 ("(July 11, 1995 has not been furnished to this Court.)").

It does appear that this particular transcript of the July 11, 1995 hearing is missing. This Court was provided with the transcript of the July 10, 1995 suppression hearing. Presumably the July 11, 1995 transcript is simply a continuation of the July 10, suppression hearing, as it is clear from the last page of the July 10, transcript that the suppression hearing was continued. In any event, Petitioner has not identified any harm stemming from this lack of the transcript, nor has the lack of the transcript impeded this Court's duty or ability under Section 2254 to review Petitioner's habeas petition. Accordingly, this court finds that this issue neither merits Petitioner any relief from his conviction or otherwise. Kindler v. Horn, 291 F.Supp.2d 323, 345 (E.D.Pa. 2003)("To warrant reversal, the defendant must further make a specific showing of prejudice as a result of the failure to produce the entire transcript.") (*citing United States v. Sierra*, 981 F.2d 123, 125 (3d Cir. 1992)).

        4.        Ineffectiveness of PCRA Counsel is Noncognizable

Petitioner's final issue is that his "First Post-Conviction Relief Act Appointed Counsel was ineffective For Not Raising Appellate Counsel's Ineffectiveness . . . ." Doc. 12.  It does not matter for the purposes of deciding this issue whether PCRA counsel was ineffective, although it is doubtful that he was.  This is so because, even if we assumed PCRA counsel was ineffective, the ineffectiveness of PCRA counsel simply does not provide a ground for relief in federal habeas proceedings, as such ineffectiveness implicates no federal constitutional right given that Petitioner had no federal constitutional right to counsel at that stage in the proceedings.  Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.")(citations omitted).  Neither is there a substantive due process or equal protection right to counsel in state post conviction proceedings.  Jacobs v. McDaniel, 139 F.3d 905 (Table); 1998 WL 78440, at *1 (9th Cir. 1998)("Jacobs' claim that he was denied due process because the state habeas court refused to appoint counsel at the evidentiary hearing fails for lack of a right to counsel in state collateral proceedings."); Gibson v. Public Advocacy Dept., 35 F.3d 565 (Table), 1994 WL 462160 at *2 (6th Cir. 1994)("Similarly, neither the Due Process Clause of the Fourteenth Amendment nor the equal protection guarantee of 'meaningful access' to the courts requires the defendants to appoint counsel for Gibson [in state post conviction proceedings]. *See Murray v. Giarratano*, 492 U.S. 1, 7 (1989). Thus, it is beyond a doubt that Gibson has no federal constitutional right to counsel . . . ."); Pursell v. Horn, 187 F.Supp.2d 260, 373 (W.D. Pa. 2002)(holding in a death penalty case that "the due process clause does not require counsel for state post-conviction proceedings, whether state law requires such counsel or not.").  Accordingly, this issue does not merit relief.

      D.      **Certificate of Appealability**

A certificate of appealability should not issue unless a petitioner shows that "jurists of reason would find" the District Court's procedural or substantive rulings were "debatable." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether the petition states a valid claim or that Petitioner procedurally defaulted some of his claims. Accordingly, a certificate of appealability should be denied.

III.   CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 21 March, 2007

cc:   The Honorable Terrence F. McVerry
      United States District Judge

      Donald Louder
      CT-7996
      SCI Fayette
      Box 9999
      Labelle, PA 15456

      Ronald M. Wabby, Jr., Esquire by Notice of Electronic Filing
      Via email at: ron.wabby@da.allegheny.pa.us