IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD LOUDER,                              )
                                            )
                    Petitioner              )
                                            )
        vs.                                 )
                                            )       Civil Action No. 06-617
GEORGE M. PATRICK, THE DISTRICT AT-         )       Judge Terence F. McVerry/
TORNEY OF THE COUNTY OF ALLEGHENY           )       Magistrate Judge Amy Reynolds Hay
and THE ATTORNEY GENERAL OF THE             )
STATE OF PENNSYLVANIA,                      )
                                            )
                    Respondents             )       RE: Dkt. [26]
                                            )

## MEMORANDUM ORDER

The above-captioned Petition was received by the Clerk of Court on May 8, 2006, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Respondents filed an answer.  Dkts. [10] - [11].   Thereafter, Petitioner filed an amended habeas petition.  Dkt. [19].  See also Dkt. [20] (memo order directing that Dkt. [19] be treated as an amended habeas petition).  The Magistrate Judge's Report and Recommendation, Dkt. [21], filed on March 21, 2007, recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.  After being granted an extension of time in which to file, Petitioner filed Objections to the Magistrate Judge's Report and Recommendation.  Dkt. [26].  His Objections bear only brief mention.

First, he objects that the Magistrate Judge treated his amended petition as one that supplanted rather than supplemented his original petition.  Dkt. [26] at 7 - 8.  However, although

the Report noted that Petitioner's intent was unclear as to whether he wanted to supplant or supplement his original petition, the Report went on to address the issue raised in the original petition, finding it to have been procedurally defaulted. Thus, the Report did not fail to address the issue raised in the original petition, and furthermore, the Report's analysis of the issue appears to be correct. This objection fails.

Petitioner's next objection is not clear. Dkt. [26] at 8. It appears that Petitioner complains that the Report did not consider those issues that Petitioner raised in his direct appeal in the State Court as part of the issues he was raising in these habeas proceedings. Id. ("Magistrate chose to not regard petitioner's direct appeal issues as part of the issues which petitioner desired to have the District Court review in the instant filed Habeas Corpus . . . ."). To the extent that Petitioner is complaining that the Report did not address **all** of the issues that Petitioner raised in his direct appeal to the Superior Court, the reason is simple, Petitioner did not raise all of those issues in either the original habeas petition and brief in support or in the amended habeas petition. While judges are experienced in deciphering pro se pleadings, they are not clairvoyant, and if a habeas petitioner wishes to raise claims in his habeas petition, he must be clear in doing so. Petitioner was clear in raising the issues that the Report addressed; unsurprisingly, those issues he did not raise in the habeas petition/brief in support or in the amended petition, but which he raised in his direct appeal to the Superior Court, were not addressed. In his Objections, Petitioner does not point out where in these habeas proceedings, he raised all the issues he raised in his direct appeal and this Court was not able to discover where he did so. Given that he did not raise in the present proceedings all the issues which he raised in his direct appeal, the fact that the Report did not address them is no error at all. This objection provides him no relief.

2

Petitioner does list several ineffective assistance of trial, appellate and PCRA counsel claims in his Objections. Dkt. [26] at 9 to 12.   To the extent that the Report addressed these claims, Petitioner's Objections do not persuade this court that the Report erred.  To the extent that the Report did not address these issues, it is because Petitioner never raised them in these habeas proceedings before he filed his Objections, where he raised them for the first time.  The rule is that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir.1996).  Accord Ward v. United States, 208 F.3d 216 (Table), 2000 WL 282648, at *1 (6th Cir. 2000); Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638-39 (9th Cir. 1988) (district court properly ruled that issues raised for the first time in objections to magistrate's report had been waived), overruled on other grounds, United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir. 1992); Hubbard v. Pleasant Valley School Dist., No. Civ. A. 3:03-797, 2006 WL 42093  (M.D. Pa., Jan. 6, 2006). Alternatively, the issues of various counsels' ineffectiveness are either procedurally defaulted because they were not raised in the State Courts at all (e.g., claim of direct appeal counsel's ineffectiveness because of a conflict of interest, Dkt. [26] at 11, ¶ 5) or because they were not raised in the direct or PCRA appeal, or because they are  meritless since Petitioner could not prove prejudice or, in the case of claims of PCRA counsel's ineffectiveness, non-cognizable as pointed out in the Report.

Petitioner also raises an objection that the Report "states that 'Detective O'Leary did not testify to interrogation confession of petitioner'.  Said statement by Magistrate is untrue[.]"  Dkt. 26 at 11, ¶ 3.  Petitioner does not cite to the Report wherein the Magistrate Judge is alleged to have stated such, and a review of the Report fails to reveal such a quote.  The closest that the

Report comes to making such a statement is as follows: "Police testified at trial that following appellant's waiver of his Miranda rights, he confessed to the murder. However, police did not testify about the content of appellant's confession." Dkt. [21] at 2. This statement appears in the Superior Court's opinion which the Report repeats in a block quote. To the extent that this is what Petitioner is complaining about, the Superior Court's finding of fact that the police did not testify to the content of the confession is entitled to a presumption of correctness and Petitioner has not rebutted this presumption. Morever, even if incorrect, and the police did testify to the content of the confession, Petitioner has identified no prejudice from the Report's quoting of this statement. The statement was not relied upon by the Report to address or dispose of any of the issues Petitioner raised in his habeas petition/brief in support or in the amended petition. Accordingly, this objection merits no relief.

All of Petitioner's Objections, even those not specifically addressed herein, have been found to be without merit. Nor has Petitioner shown anything that would entitle him to an evidentiary hearing, as he requests in his Objections. After de novo review of the pleadings and the documents in the case, together with the Report and Recommendation and Petitioner's Objections, the following order is entered:

**AND NOW**, this 31st day of May, 2007,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, Dkt.

21, of Magistrate Judge Hay, dated March 21, 2007, is adopted as the opinion of the court.

BY THE COURT:

s/ Terrence F. McVerry
United States District Judge

cc:    Hon. Amy Reynolds Hay
United States Magistrate Judge

Donald Louder
CT-7996
SCI Fayette
Box 9999
Labelle, PA 15456

Ronald M. Wabby, Jr., Esquire
by Notice of Electronic Filing